Slip Op. 16-104

# UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| NUCOR CORPORATION, <br><br> Plaintiff, <br><br> ARCELORMITTAL USA LLC ET AL., <br><br> Plaintiff-Intervenors, <br><br> v. <br><br> UNITED STATES, <br><br> Defendant, <br><br> DONGKUK STEEL MILL CO., LTD. ET AL., <br><br> Defendant-Intervenors. | Before: Claire R. Kelly, Judge <br><br> Court No. 16-00164 |

## OPINION AND ORDER

[Denying the Government of Korea's motion to intervene without prejudice.]

Dated: November 9, 2016

Timothy C. Brightbill, Alan Hayden Price, and Stephanie Manaker Bell, Wiley Rein, LLP, of Washington, DC, for plaintiff.

Brooke Michelle Ringel, Kathleen Weaver Cannon, Paul Charles Rosenthal, and R. Alan Luberda, Kelley Drye & Warren, LLP, of Washington, DC, for plaintiff-intervenor ArcelorMittal USA LLC.

Daniel Lawrence Schneiderman and Stephen Andrew Jones, King & Spalding, LLP, of Washington, DC, for plaintiff-intervenor AK Steel Corporation.

Jeffrey David Gerrish, Luke Anthony Meisner, and Robert E. Lighthizer, Skadden Arps Slate Meagher & Flom, LLP, of Washington, DC, for plaintiff-intervenor United States Steel Corporation.

Elizabeth Anne Speck, Trial Attorney, U.S. Department of Justice, Commercial Litigation Branch, Civil Division, of Washington DC for defendant. Of counsel on the brief was Whitney Marie Rolig of the U.S. Department of Commerce, Office of Chief Counsel for Import Administration.

Brady Warfield Mills, Donald Bertrand Cameron, Julie Clark Mendoza, Rudi Will Planert, Eugene Degnan, Mary Shannon Hodgins, and Sarah Suzanne Sprinkle, Morris, Manning & Martin, LLP, of Washington, DC for proposed defendant-intervenor the Government of Korea.

Kelly, Judge: Before the court is the Government of Korea's ("GOK") motion to intervene in this action as of right under USCIT Rule 24(a). See Intervenor-Applicant Government of Korea's Partial Consent Mot. Intervene As of Right, Nov. 2, 2016, ECF No. 34 ("Mot. Intervene"); see also USCIT R. 24(a). GOK acknowledges that it seeks to intervene as of right beyond the time limit established by the Court's rules for doing so, which it acknowledges is no later than 30 days after the date of service of the complaint.[1] See Mot. Intervene 2; see also USCIT R. 24(a)(3). However, GOK argues that it has shown good cause for the delay in filing its motion to intervene because the process of coordinating necessary approvals from various Korean government agencies before filing the motion was time consuming and complex. See Mot. Intervene 2. GOK asks the court "to treat these circumstances as excusable neglect under USCIT [Rule] 24(a)(3)(i)." Id. Plaintiff responds that GOK has not demonstrated good cause for its delay because GOK has failed to adequately explain the delay or analyze why the circumstances did not allow

---

[1] The complaint was filed on September 8, 2016, and Plaintiff served a copy of the complaint via certified mail, return receipt requested, the same day. See Compl., Sept. 8, 2016, ECF No. 8.

for approval to be obtained in a timely manner.[2] Pl.'s Resp. GOK's Partial Consent Mot. Intervene 2, Nov. 4, 2016, ECF No. 38 ("Pl.'s Resp."); see also USCIT R. 24(a)(3)(i). Specifically, Plaintiff argues that granting GOK's motion where it has pled such a broad excuse without supporting its explanation with facts justifying why the motion could not have been made in the requisite time frame would render the time limit in USCIT Rule 24(a)(3) superfluous. See Pl's Resp. 2–3.

USCIT Rule 24(a)(3) permits an interested party in the proceeding that is the subject of an action brought under 28 U.S.C. § 1581(c) to intervene as of right upon a timely motion or later, if that party shows good cause because of either:

(i)   mistake, inadvertence, surprise or excusable neglect; or
(ii)  under circumstances in which by due diligence a motion to intervene under this subsection could not have been made within the 30-day period.[3]

USCIT R. 24(a)(3)(i)–(ii). Uniquely, this portion of USCIT Rule 24(a) provides a clear, mandatory 30-day time limit for intervention as of right. See id. The rule also makes clear

---

[2] GOK indicates in its motion that Plaintiff-Intervenors AK Steel Corporation and United States Steel Corporation also oppose GOK's motion. Mot. Intervene 3. GOK states that Plaintiff-Intervenor Arcelor Mittal USA LLC takes no position and Defendant and Defendant-Intervenor Dongkuk Steel Mill Co., Ltd. consent to this motion. Id. Plaintiff-Intervenors AK Steel Corporation, and United States Steel Corporation have not filed separate responses to GOK's motion.

[3] USCIT Rule 24(a) also requires that a party show that it is given an unconditional right to intervene by a federal statute or that the party claim an interest relating to the property or transaction that is the subject of the action and be so situated that disposing of the action may impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest. See USCIT R. 24(a)(1)–(2). No party disputes that GOK has an unconditional statutory right to intervene under 28 U.S.C. § 2631(j)(1)(B). See Mot. Intervene 2; Pl.'s Resp. 2; see also 28 U.S.C. §§ 2631(j)(1)(B), 2631(k)(1) (2012); 19 U.S.C. §§ 1677(9)(B), 1516a(f)(3) (2012).

that the time limit may be waived only where the party provides specific facts demonstrating good cause on one of the enumerated bases. See id.

GOK appears to acknowledge that it knew it was filing its motion beyond the deadline for doing so. See id. Although GOK alleges that its motion was delayed because it was unable to secure authorization from the relevant government agencies within the 30-day time frame, GOK has offered no reason why these circumstances are excusable neglect, nor has it explained why the authorizations could not have been obtained in the 30-day time frame with due diligence.[4] See Mot. Intervene. Lacking such information, the court cannot say GOK has met the good cause standard.[5] GOK's excuse for filing beyond the time limit provided in USCIT Rule 24(a)(3) is pled with insufficient detail to allow the court to determine that it met any of the enumerated circumstances constituting good cause under the Court's rules.

GOK argues that "permitting it to intervene at this point in the litigation will not unduly prejudice the other parties' rights as the scheduling order and briefing schedule

---

[4] Although GOK pleads excusable neglect, see Mot. Intervene 2, GOK's motion asserts that "[t]he process of obtaining approval to intervene in this appeal was time consuming and required coordination among various government agencies." Mot. Intervene 2. These allegations appear to better support an argument that it could not have intervened in the time frame provided by the rules with due diligence. Nonetheless, the facts asserted are insufficient to demonstrate GOK could not have requested intervention within the 30-day time frame. GOK asserts that the final decision to intervene was not made until Friday, October 28, 2016, three days before it moved to intervene. Id. GOK has sufficiently explained the delay in moving to intervene from the time the relevant government agencies authorized intervention, but it has not outlined what steps were taken by what agencies to diligently consider the prospect of intervention beginning on the date the complaint was served up until the deadline for intervention.

[5] GOK does not allege it was surprised by the deadline provided in USCIT Rule 24(a)(3), nor does it claim that it was mistaken about the deadline for filing or that it inadvertently filed after the time limit for doing so. See Mot. Intervene 2. GOK also does not allege that it was unaware of the deadline in the first instance or that the deadline was missed inadvertently. See id.

have not yet been finalized." Mot. Intervene 2.  The court concedes that the prejudice to the other parties appears to be minimal, and there appears to be no evidence of bad faith in GOK's failure to intervene on a timely basis.  Nonetheless, parties cannot ignore the time limits of USCIT Rule 24 with such a broad and unexplained excuse.  To allow a movant to do so would effectively permit it to ignore the time limit so long as there is minimal prejudice to opposing parties without any basis in the rule for doing so.  See USCIT R. 24(a).  Moreover, such a decision would render the actual time limit superfluous, and late motions to intervene could require frequent extra adjudication for parties who choose to file late or otherwise fail to take note of the deadline for doing so.  The language of the 30-day time limit indicates that the Court intended to avoid such circumstances except for specific types of excuses.  See USCIT R. 24(a).  Where instances are described by the movant without sufficient particularity to permit the court to evaluate whether the standard is met, the court must presume the party lacked good cause for filing beyond the time limit for intervention as of right.

## CONCLUSION

Therefore, upon consideration of GOK's motion to intervene as of right, Plaintiff's response, all other papers and proceedings filed in this action, and upon due deliberation, it is hereby

**ORDERED** that GOK's motion to intervene under USCIT Rule 24(a) is denied without prejudice; and it is further

have not yet been finalized." Mot. Intervene 2.  The court concedes that the prejudice to the other parties appears to be minimal, and there appears to be no evidence of bad faith in GOK's failure to intervene on a timely basis.  Nonetheless, parties cannot ignore the time limits of USCIT Rule 24 with such a broad and unexplained excuse.  To allow a movant to do so would effectively permit it to ignore the time limit so long as there is minimal prejudice to opposing parties without any basis in the rule for doing so.  See USCIT R. 24(a).  Moreover, such a decision would render the actual time limit superfluous, and late motions to intervene could require frequent extra adjudication for parties who choose to file late or otherwise fail to take note of the deadline for doing so.  The language of the 30-day time limit indicates that the Court intended to avoid such circumstances except for specific types of excuses.  See USCIT R. 24(a).  Where instances are described by the movant without sufficient particularity to permit the court to evaluate whether the standard is met, the court must presume the party lacked good cause for filing beyond the time limit for intervention as of right.

## CONCLUSION

Therefore, upon consideration of GOK's motion to intervene as of right, Plaintiff's response, all other papers and proceedings filed in this action, and upon due deliberation, it is hereby

**ORDERED** that GOK's motion to intervene under USCIT Rule 24(a) is denied without prejudice; and it is further

**ORDERED** that if GOK believes that the facts exist to support good cause for filing beyond the time limit provided in USCIT Rule 24(a) consistent with this opinion, GOK may file a motion with supporting facts on or before November 18, 2016.

/s/ Claire R. Kelly
Claire R. Kelly. Judge

Dated: November 9, 2016
      New York, New York